Weight, J.,
delivered the opinion of the Court.
The pleadings in this cause were duly made up at the appearance term. At the trial term the defendant, Grissom, moved the Court for leave to file a plea of non est factum. This was refused by the Circuit Judge.
*335 In this there is no error. The plea was bad, because if true it was no defence to the action.
The plaintiffs were the holders of the two promissory notes in question, by endorsement from Grissom, and in legal presumption had purchased them for value, and in due course of trade. 2 Greenl. Ev. § 172.
It may very well be true that the note3 were endorsed by him in blank, as to the amount, and delivered by him to Crutcher the maker, for whose accommodation they were made, to be filled up and used for a sum not exceeding $500; and that he afterwards, in the absence and without the authority of Grissom, in the presence of the plaintiffs, caused the blanks to be filled in double that sum; yet if the plaintiffs were ignorant of his want of authority so to fill up and use said notes, and were bona fide holders, they would still be entitled to recover. The plea does not negative this, and the authorities are abundant to show it is defective. Stuart v. Davidson et al., Peck, 202, 203; Bank of the Commonwealth v. Curry, 2 Dana’s Rep., 142; Kimbro v. Lytle, 10 Yer. 417.
It may be very true, as argued by the counsel of Grissom, that under a proper plea, if he were to show by proof the facts stated in this plea, the plaintiffs would then be required to show under what circumstances and for what value they became the holders. 2 Greenl. Ev. § 172.
Yet this is a question of evidence, and not of- pleading ; and it is still manifest the plea was defective.
Affirm the judgment.